# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

CR 19-243 MJD/SER

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 2 |
| | 18 U.S.C. § 1959 |
| v. | 21 U.S.C. § 841(a)(1)(A) |
| | 21 U.S.C. § 846 |
| 1. ROBIN LEE LUSSIER, a/k/a Ratchet, | |
| 2. WILLARD DUANE REED, III a/k/a Left, a/k/a Leftfield, and | |
| 3. JOSHUA ADAM HANKS, a/k/a Souless, | |
| Defendants. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### COUNT 1
(Conspiracy To Distribute Methamphetamine)

From on or about December 1, 2015, and continuing through on or about January 1, 2019, in the State and District of Minnesota and elsewhere, the defendants,

**ROBIN LEE LUSSIER, a/k/a Ratchet, and**
**WILLARD DUANE REED, III, a/k/a Left, a/k/a Leftfield,**

did knowingly and intentionally conspire with each other and with others known and unknown to the grand jury to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.



SCANNED
SEP 17 2019
U.S. DISTRICT COURT MPLS

## COUNT 2
(Assault Resulting in Serious Bodily Injury in Aid of Racketeering Activity)

### INTRODUCTION

### THE RACKETEERING ENTERPRISE:

### The Native Mob

1. At all times relevant to this Indictment, in the District of Minnesota, and elsewhere, Defendants ROBIN LEE LUSSIER, aka "Ratchet," JOSHUA ADAM HANKS, a/k/a "Souless," and others, were members and associates of the Native Mob gang, a criminal organization comprised primarily of Native American males. Members and associates of the Native Mob engage and have engaged in acts of violence, including murder, attempted murder, robbery, and assault with a dangerous weapon. The Native Mob, including its leadership, membership and associates, constitutes an "enterprise" as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated-in-fact which is engaged in, and the activities of which affect interstate and foreign commerce. The Native Mob criminal enterprise constitutes an ongoing organization whose members function as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2. The Native Mob, through its members and associates, engages in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, offenses involving trafficking in controlled substances in violation of Title 21, United States Code, Sections 841 and 846.

## Purposes of the Enterprise

3. The purposes of the enterprise include the following:

   a. Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation and violence, including murders, attempted murders, assaults, robberies, and threats of violence;

   b. Promoting and enhancing the enterprise and its members' and associates' activities, including, but not limited to, murder, attempted murder, assaults, narcotics trafficking, robberies, and other criminal activities;

   c. Keeping victims and potential victims in fear of the enterprise and in fear of its members and associates, through violence and threats of violence;

   d. Providing financial support and information to gang members, including those who were incarcerated for committing acts of violence or other offenses;

   e. Providing assistance to other gang members who committed crimes for and on behalf of the enterprise; and

   f. Providing assistance to other gang members, in order to hinder, obstruct and prevent law enforcement officers from identifying the offender, apprehending the offender, and trying and punishing the offender.

## The Means and Methods of the Enterprise

4. The means and methods by which the members and associates of the Native Mob conducted and participated in the conduct of the affairs of the Native Mob included, but were not limited to:

a. Members and associates of the Native Mob would regularly meet as required with other Native Mob gang members to discuss, among other things, past acts of violence and other crimes committed by gang members against rival gang members and others; to notify one another about gang members who were arrested or incarcerated; to discuss the disciplining of Native Mob gang members; to discuss police interactions with gang members; to share with one another the identities of individuals who might be cooperating with law enforcement and propose actions to be taken against those individuals; to plan and agree upon the commission of future crimes, including drug-trafficking, murders, robberies, and assaults; and to reinforce gang rules and by-laws.

b. Members and associates of the Native Mob agreed to purchase, maintain and circulate a collection of firearms for use in criminal activity by Native Mob members.

c. Members and associates of the Native Mob agreed that acts of violence, including murder, attempted murder, and assault would be committed by members and associates of the Native Mob against rival gang members and to impose discipline within the Native Mob itself, and on other occasions as deemed necessary.

d. Members and associates of the Native Mob agreed that members and associates of the Native Mob would commit robberies, acts of drug distribution and other crimes.

  e. Members and associates of the Native Mob would conceal their criminal activities and obstruct justice, including by threatening and retaliating against witnesses.

  f. Members and associates traveled in interstate and foreign commerce to conduct the affairs of the enterprise.

  5. On or about December 5, 2018, in the State and District of Minnesota, the defendants,

ROBIN LEE LUSSIER,
a/k/a Ratchet, and
JOSHUA ADAM HANKS,
a/k/a Souless,

for the purpose of maintaining and increasing position in the Native Mob gang, an enterprise engaged in racketeering activity, committed an assault, resulting in serious bodily injury to an individual whose identity is known to the Grand Jury, and aided and abetted the same, in violation of Minnesota Statute §§ 609.223, Subd. 1 and 609.05. All in violation of Title 18, United States Code, Sections 2 and 1959(a)(3).

**INFORMATION TO ESTABLISH PRIOR CONVICTION**
**(Defendant ROBIN LEE LUSSIER)**

Before committing the offense charged in Count 1 of this Indictment, the defendant, Robin Lee Lussier, a/k/a "Ratchet," was convicted of Assault in the Second Degree in violation of Minn. Stat. § 609.222.1, a serious violent felony, which had become final, and for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the

commencement of the instant offense. As a result of that conviction, defendant Robin Lee Lussier, a/k/a "Ratchet," is subject to increased punishment under Title 21, United States Code, Section 851.

## FORFEITURE ALLEGATIONS

Upon conviction of Count 1 of this Indictment, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds the defendants obtained directly or indirectly as a result of said violation, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violation. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p).

A TRUE BILL

_____     _____
UNITED STATES ATTORNEY          FOREPERSON